**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YVONNE BELL, <br><br> Plaintiff. <br><br> v. <br><br> ILLINOIS DEPARTMENT OF HUMAN SERVICES, <br><br> Defendant. | Case No. 23-cv-06522 <br><br> Hon. Jeffery I. Cummings |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Yvonne Bell, by and through her counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC, respectfully submits her Response in Opposition to Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. In support thereof, Plaintiff states as follows:

### BRIEF INTRODUCTION

Defendants filed the subject 12(b)(6) motion to dismiss Plaintiff's Amended Complaint. In her Amended Complaint, Plaintiff alleges one Title VII retaliation count. As argued below, Plaintiff has sufficiently alleged the aforementioned claims and therefore Defendants' motion should be denied. However, should the court determine Plaintiff's Amended Complaint is insufficient, Plaintiff respectfully requests leave of court to file a Second Amended Complaint to address any deficiencies.

### LEGAL STANDARD

For purposes of a motion to dismiss, all well-pleaded factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff, and all reasonable

1

inferences from those allegations must be drawn in favor of the plaintiff. *Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015); *see also Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 382 (7th Cir. 2016) ("In construing the complaint, we accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor.").

A complaint must contain sufficient factual matter to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). Thus, plaintiff must allege enough details to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## ARGUMENT

### I.

### PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES.

First, Defendant argues that Plaintiff's Amended Complaint should be dismissed without prejudice because she failed to exhaust her administrative remedies, claiming her amended complaint asserts a Title VII retaliation allegation that is "not like or reasonably related to the allegations in her EEOC charge claiming discrimination and retaliation under GINA."

Plaintiff clearly asserts a retaliation claim in violation of Title VII as she states Defendant retaliated against her for making a complaint to IDHS, a protected activity. Plaintiff, however, does admit that her EEOC Charge of Discrimination explicitly states discrimination and retaliation in violation of Genetic Nondiscrimination Act ("GINA"), without explicitly stating the same was in violation of Title VII. Nevertheless, Plaintiff's Title VII and GINA EEOC charges of retaliation

are alike and reasonably related such that Plaintiff appropriately alleged the Title VII retaliation claim in her Amended Complaint.

Further, Plaintiff respectfully requests leave to add counts alleging discrimination and retaliation, pursuant to Title II of GINA.

## II.

### PLAINTIFF SUFFICIENTLY ALLEGES TITLE VII RETALIATION CLAIM.

Second, Defendant attempts to argue that Plaintiff fails to state a claim under Title VII. Specifically, Defendant erroneously argues that Plaintiff makes bare allegations regarding Defendant's "discriminatory practices." This is not true. Plaintiff makes clear assertions regarding the illegal and retaliatory actions of Defendant. Amended Complaint, ¶¶ 15-34. However, assuming he did not, Plaintiff can add additional facts to support her retaliatory claim.

Thus, Defendant's motion to dismiss Plaintiff's Title VII retaliation claim against shall be denied, as Plaintiff sufficiently alleges such claim. However, if the Court determines otherwise, Plaintiff can easily correct the deficiencies by amending the Amended Complaint, as requested below.

## III.

### PLAINTIFF RESPECTFULLY SEEKS LEAVE OF COURT TO AMEND HER COMPLAINT.

As noted above, Plaintiff's Amended Complaint is sufficient to withstand Defendants' 12(b)(6) motion to dismiss. However, assuming the Court finds it is not, Plaintiff respectfully request leave of court to amend her complaint to include counts of discrimination and retaliation pursuant to GINA and additional retaliatory affirmative acts by Defendant. Leave to amend a complaint should be allowed when justice so requires. Fed. R. Civ. P. 15(a)(2). In fact, the Seventh Circuit has required, in most cases, that a plaintiff whose complaint has been dismissed under Fed.

R. Civ. P. 12(b)(6) be given at least one opportunity to amend the complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Therefore, in the alternative, Plaintiffs respectfully request leave of Court to amend her Amended Complaint.

## IV.

## CONCLUSION

WHEREFORE, Plaintiff, Yvonne Bell, respectfully requests that this Court deny Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. In the alternative, however, should the court determine Plaintiff's Amended Complaint is deficient, Plaintiff respectfully requests leave to amend the same. Further, Plaintiff requests leave to add GINA discrimination and retaliation claims.

Dated: July 1, 2024

        s/ *Antonio L. Jeffrey*_____
        Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (ARDC #6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com